BEATRICE WHALEN, Appellant, v. HYMAN BRODKEY et al.,
Appellees.

**NEW TRIAL:** Reluctance to Reverse Order. An order for a new
trial, on the ground that the defeated party has not had a fair
trial, will seldom be interfered with by the appellate court.

*Appeal from Woodbury District Court.*—GEORGE JEPSON,
Judge.

NOVEMBER 1, 1920.

APPEAL from an order granting a new trial.—*Affirmed.*

*Shull, Gill, Sammis & Stilwill,* for appellant.

*Free, Goltz & Pickus,* for appellees.

EVANS, J.—The plaintiff brought her action for damages
for alleged conversion of a diamond ring. The defendants
were pawnbrokers, and purchased a diamond ring from
one Schommer. The plaintiff alleged that the ring was
stolen from her by Slattery, alias Schommer. The disputed
points in the evidence were the identity of Schommer, the
identity of the ring, and the value thereof. There was a
verdict for the plaintiff. Thereafter, the trial court sus-
tained a motion for a new trial, on the ground that the
defendants had not had a fair trial. This appeal by plain-
tiff is from such order. It is urged that the action of the
trial court was an abuse of discretion. We are at all times
reluctant to reverse an order granting a new trial. The
boundary line of discretion of the lower court is not very
distinctly marked. The evidence in this case was circum-
stantial. Some evidence of doubtful competency was

received. The verdict of the jury was equal in amount to the maximum guess of value. It was double the amount of the original cost of plaintiff's ring, and three times the amount received by defendant therefor. This fact was by no means controlling on the question of a new trial, but was entitled to consideration by the trial court, in connection with all the circumstances of the trial. The appellant urges upon our attention certain alleged facts outside of the record, to the effect that the trial court considered information received by him after the verdict. The record discloses nothing of such kind. Needless to say that we can give no consideration to such alleged fact. Nor are we able to say upon this record that there was an abuse of discretion. The order granting a new trial is, therefore, —*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.